Milton J. WALLACE, Plaintiff,

v.

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION et al.,
Defendants.

Civ. A. No. 75–0233.

United States District Court,
District of Columbia.

Feb. 27, 1975.

Richard M. Millman, Peter A. Greenburg, Washington, D. C., for plaintiff.

Walter P. North, Senior Asst. Gen. Counsel, Van P. Carter, Securities & Exchange Comm., Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

AUBREY E. ROBINSON, Jr., District Judge.

By this action Plaintiff contests the constitutionality of 15 U.S.C. § 78o(b)(7) which authorizes the Securities and Exchange Commission (hereinafter S.E.C.) to take remedial action against persons who are found to be in violation of certain provisions of the Securities and Exchange Act of 1934, 15 U.S.C. § 78a et seq. Plaintiff seeks to enjoin immediately and permanently an administrative proceeding currently pending against him in the State of Florida and requests the convening of a three-judge court to decide the question of the constitutionality of the statute under which that proceeding is being brought. The S.E.C. has filed a Motion to Dismiss the action and a brief in opposition to Plaintiff's Motion for a Temporary Restraining Order. For reasons stated herein, the Court denies Plaintiff's Motion for a Temporary Restraining Order on the grounds that Plaintiff has failed to establish any likelihood of success on the merits and grants the government's motion to dismiss for failure to exhaust administrative remedies.

In determining whether a Temporary Restraining Order should be granted in an individual case, the Court must consider, among other elements, the likelihood of success on the merits. Virginia Petroleum Jobbers v. F.P.C., 104 U.S.App.D.C. 106, 259 F.2d 921 (1951). In this action, Plaintiff contests the constitutionality of 15 U.S.C. § 78o(b)(7) and requests the convening of a three-judge court pursuant to 28 U.S.C. § 2282 to have the statute enjoined.

Thus a determination of the question of whether a temporary restraining order should issue in this case is intertwined with the question of whether a three-judge court should be convened. Upon consideration of Plaintiff's constitutional allegations, the Court concludes that a three-judge court should not be convened on the grounds that the constitutional questions are not "substantial" and thus the request for a temporary restraining order must be denied.

The courts have uniformly upheld the delegation of adjudicative powers to administrative agencies where legislative standards are found to be adequate.[1] But in seeking to enjoin 15 U.S.C. § 78o(b)(7), Plaintiff alleges not that this statute is an improper delegation, but rather, Plaintiff asserts that the statute is an unconstitutional usurpation of judicial power on the grounds that it authorizes proceedings and subsequent "penalties" upon persons who are, in counsel's words, "not in the business" and thus are beyond the scope of S.E.C.'s authority. In addition, Plaintiff argues that the statute is an unconstitutional usurpation of powers reserved to the States.

The Court finds that Plaintiff's contention that the statute usurps powers reserved to the states is without merit based upon the facts before the Court. The substance of Plaintiff's argument is that the S.E.C. has convened the current administrative proceeding against him because he violated a Florida Conflict of Interest Statute. However, a careful reading of documents filed by the S.E.C. in the proceeding before the administrative law judge in Florida indicate that the Florida statute is only one of many considerations pending against Mr. Wallace, and that several violations of federal law are currently being considered in that proceeding.[2]

But, in addition, there is little likelihood that a three-judge court should be convened to determine whether 15 U.S.C.

---

1. 1 Davis, Administrative Law Treatise, § 2.03 and cases cited therein.

2. 15 U.S.C. § 78o(b)(5).

**1060**

§ 78o(b)(7) is an unconstitutional usurpation of judicial power. Plaintiff relies upon Goosby v. Osser, 409 U.S. 512, 93 S.Ct. 854, 35 L.Ed.2d 36 (1972) to support his contention that this controversy presents a substantial constitutional question because the Supreme Court has never ruled upon the precise question presented by this case. However, the Court does not read the Supreme Court's language so narrowly. Significant other cases convince this Court that Plaintiff's constitutional claims are not substantial enough to necessitate a three-judge court. Wright v. S.E.C., 112 F.2d 89 (2nd Cir. 1940); L. P. Steuart and Bro. Inc. v. Bowles, 322 U.S. 398, 64 S.Ct. 1097, 88 L.Ed. 1350 (1944); 1 Davis, Administrative Law Treatise §§ 2.03, 2.12, 2.13.

As one of the grounds in their Motion to Dismiss, the government argues that this action is prematurely brought before this Court since the administrative proceeding is currently in progress and Plaintiff must exhaust his administrative remedies before seeking judicial relief. In addition, the S.E.C. argues that this Court is without jurisdiction to enjoin an administrative hearing issued pursuant to a valid order. Myers v. Bethlehem Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1938). Plaintiff, in response, asserts that he has exhausted his administrative remedies, and in addition, argues that Aircraft and Diesel Equipment Corp. v. Hirsch, 331 U.S. 752, 67 S.Ct. 1493, 91 L.Ed. 1796 (1947), sets forth an exception to this general rule where there is a presence of a constitutional question coupled with a showing of inadequacy of administrative relief and of threatened irreparable injury. In such cases, Plaintiff argues the Court can enjoin the proceedings.

■■ Although the Plaintiff has in this action obtained a final decision from the S.E.C. stating that the statute in question does, in their opinion, grant them authority to administratively proceed against an individual in Plaintiff's position and stating that they are without authority to determine the constitutionality of the statute in question, the Court does not find that such determinations exhaust Plaintiff's administrative remedies. And, further, the Court fails to find sufficient evidence herein, both on the constitutional claims and the inadequacy of relief below, which invoke this exception to the exhaustion of remedies doctrine. Thus, the complaint must be dismissed for failure to exhaust administrative remedies.

It is therefore this 17th day of February, 1975,

Adjudged and ordered that Plaintiff's Motion for a Temporary Restraining Order be and is hereby denied; and it is

Further adjudged and ordered, that this cause be and is hereby dismissed.